**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

—————————————————

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MARK JORDAN,

    Defendant-Appellant.

No. 09-1497
(D.Ct. No. 1:04-CR-00229-LTB-1)
(D. Colo.)

—————————————————

**ORDER**

Before **BARRETT**, **ANDERSON**, and **BRORBY**, Senior Circuit Judges.

This matter is before the court on the government's motion to dismiss this appeal and request for admonishment and/or sanctions and the Appellant's response to that motion and request. After receiving the motion and response thereto, this court ordered briefing in the matter, "reserv[ing] judgment on the government's motion to dismiss and request for sanctions." Having reviewed the record on appeal, including both parties' briefs, we grant the government's motion and dismiss the appeal as frivolous. We caution Mr. Jordan any further frivolous appeals will be summarily dismissed pending an order to show cause and his response thereto.

As background, in 2005, a jury convicted Mr. Jordan of murdering another inmate at his prison facility, and we affirmed his conviction and sentence on direct appeal. *See United States v. Jordan*, 485 F.3d 1214, 1217, 1226 (10th Cir.) (*Jordan I*), *cert. denied,* 552 U.S. 1032 (2007). Following his direct appeal, Mr. Jordan filed both a motion for additional DNA testing under the Innocence Protection Act of 2005 (IPA), 18 U.S.C. § 3600, and a motion to require the government to preserve his trial evidence. *See United States v. Jordan*, 594 F.3d 1265, 1265-66 (10th Cir. 2010) (*Jordan II*), *cert. denied*, ___ S. Ct. ___, 2010 WL 889295 (Apr. 19, 2010) (No. 09-9482). The district court denied his motions, and this court affirmed the denial of the motion for DNA testing and dismissed his appeal of the denial of his motion to preserve evidence as moot because the district court granted a similar motion in his 28 U.S.C. § 2255 proceeding. *Id.* at 1266, 1269. Thereafter, the United States Supreme Court denied his petition for a writ of certiorari. *See* 2010 WL 889295, at *1.

In proceeding with related background information, we note that both the motions for DNA testing and Mr. Jordan's § 2255 proceeding, filed in May 2004 and currently pending, were filed under the same district court docket as his criminal trial, and those proceedings have all been conducted by the same district court judge. In his pending § 2255 proceeding, Mr. Jordan indicated his claims were "dependent upon examination, reexamination, and forensic analyses of trial

-2-

evidence in the government's possession," and, as previously indicated, in that proceeding he filed a motion for an order directing the government to preserve all evidence in its possession in his habeas proceeding, which the district court granted. *Jordan II* at 1269. Thereafter, Mr. Jordan appealed five of the district court's interlocutory orders entered in his pending § 2255 proceeding, including one order denying his motion to terminate protective orders or to allow access to discovery documents. *See United States v. Jordan* (10th Cir. June 5, 2009) (No. 09-1156) (unpublished op.). We issued an order dismissing the appeal, explaining this court's jurisdiction on appeal is generally limited to final decisions and that the interlocutory orders referenced in his appeal were not final or immediately appealable as collateral orders under 28 U.S.C. § 1291, orders denying injunctive relief under 28 U.S.C. § 1292(a), or under any other exception to the final judgment rule. *Id.* at 2. We also noted the circumstances presented did not warrant the extraordinary remedy of mandamus, and that Mr. Jordan "may seek review of these interlocutory orders if and when he appeals from the district court's final decision in his § 2255 proceeding." *Id.*

Thereafter, and in conjunction with the instant appeal, Mr. Jordan obtained new counsel, Donald Bounds, who, on August 23, 2009, filed a motion for appointment of himself as counsel and, on August 24, 2009, filed a motion to permit access to discovery documents subject to protective order. His motions

were filed in the same docket as the direct criminal appeal and the pending § 2255 proceeding. In so moving, counsel noted he did not represent Mr. Jordan in his 28 U.S.C. § 2255 proceeding or his pending appeal of the motion for DNA, but sought such discovery for "the possibility of filing a petition for writ of habeas corpus on behalf of [Mr. Jordan]." Mr. Bounds also acknowledged in the motion that the relief he requested in viewing certain trial evidence, as covered by several protective orders, had been granted to Mr. Jordan's counsel in his criminal case, Mr. Jeffrey Edelman.

On October 15, 2009, the district court issued an order denying the motion filed by Mr. Bounds, noting: (1) another attorney was previously granted the relief requested during the post-conviction phase of Mr. Jordan's case; (2) Mr. Jordan's right to discovery was limited since his convictions and sentences were upheld on appeal; (3) Mr. Bounds failed in his motion to identify any specific facts he believed would be discovered if he was granted the requested access; and (4) even assuming another request for post-conviction relief was filed as suggested, Mr. Bounds failed to provide any explanation as to how it would differ from the forms of post conviction relief already filed which were either denied or still pending.[1] On the same day, October 15, 2009, the district court granted Mr.

---

[1] On October 26, 2009, Mr. Jordan filed a *pro se* pleading, again requesting additional discovery in the nature of DNA testing of another inmate

(continued...)

Edelman's motion to withdraw and ordered him to tender the documents in his possession, including those subject to the protective orders, to Paula Ray, an attorney representing Mr. Jordan in his appeal involving the IPA request in his criminal case. In addition, after various pleadings on the matter, the district court also denied the motion to appoint Mr. Bounds as Mr. Jordan's attorney.

Thereafter, on November 2, 2009, the district court denied Mr. Jordan's motion for reconsideration of its October 15, 2009 order denying his motion to permit access to discovery documents, as previously filed by Mr. Bounds. On November 3, 2009, Mr. Jordan filed the instant *pro se* appeal of the district court's order denying his motion to permit access to discovery documents. On November 16, 2009, Mr. Jordan filed an amended appeal, which included his appeal of the district court's denial of his motion for reconsideration.

The government moves to dismiss Mr. Jordan's appeal. In support of its motion, the government asserts: (1) Mr. Jordan's conviction is final and "does not have an independent life, outside of appropriate post-conviction proceedings";

---

[1](...continued)
and asking for this discovery "in connection with [his] § 2255 proceeding." The district court issued an order denying the motion, noting our Tenth Circuit decision affirmed its prior ruling on such DNA evidence. While this motion seems to request the same evidence as previously requested and denied, we note Mr. Jordan is not appealing this order.

(2) the instant orders he seeks to appeal are not final and therefore not appealable; (3) Mr. Jordan has filed a motion to consolidate his several district court actions, including his pending § 2255 litigation and his prior criminal case under which he seeks this appeal, so an appeal of any interlocutory orders should occur following such consolidation; (4) this court previously dismissed an appeal by Mr. Jordan concerning denial of a similar motion made in his § 2255 proceeding on grounds he could seek review of that order if he appeals from the district court's final decision in his pending § 2255 proceeding; (5) Mr. Jordan's motion for discovery in his completed criminal case is merely an attempt to get around the dismissal of his prior appeal concerning a similar motion made in his § 2255 proceeding; and (6) in bringing an identical motion by means of his completed criminal case, Mr. Jordan is wasting judicial resources. Based on its assertion Mr. Jordan is wasting valuable judicial resources, the government also requests Mr. Jordan be admonished for, and instructed against, filing "such wasteful and seemingly vexatious legal activity" and/or that sanctions be imposed.

In his *pro se* response to the motion to dismiss, Mr. Jordan contends his motion "has nothing to do whatsoever with the pending § 2255 proceeding" because his counsel, Mr. Bounds, repeatedly informed the district court he does not represent Mr. Jordan in the § 2255 proceeding and that his motion for access to discovery was made in connection only with his criminal case. We disagree.

-6-

First, Mr. Bounds does not represent Mr. Jordan in any action as he was never appointed to represent him so the request for Mr. Bounds's access to such discovery is moot. Next, even if we apply the discovery request as one made by Mr. Jordan, rather than Mr. Bounds, the contested motion appears to either seek the very same discovery sought in Mr. Jordan's pending § 2255 proceeding and his DNA appeal, in which we previously ruled, and/or pertain to the same discovery provided to his other counsel. If the motion seeks the same discovery previously unsuccessfully sought in Mr. Jordan's appeal of the district court's interlocutory orders in his § 2255 proceeding, we clearly instructed him to file an appeal of such orders following resolution of his pending § 2255 proceeding and any appeal thereof.

In addition, the contested motion also states the discovery sought is for the purpose of filing yet another habeas corpus proceeding, as it states it is requested for the purpose of "the possibility of filing a petition for writ of habeas corpus on behalf of [Mr. Jordan]." We note a § 2255 proceeding is in fact a proceeding brought for the purpose of obtaining habeas corpus relief, and that the current § 2255 proceeding has not yet concluded, making any discovery request for the purpose of filing a future habeas corpus action premature. We also note the contested motion was filed in the same district court case as Mr. Jordan's criminal and § 2255 actions and ruled on by the same district court judge, making the

request redundant and merely an attempt to circumvent its previous adverse rulings. For these reasons, we agree with the government that this appeal is frivolous, a waste of our judicial resources, and should be dismissed.

Turning to the issue of sanctions, we note Mr. Jordan has filed at least seventeen appeals before this court which have either concluded or are still pending and has numerous other actions filed before the district court. Not only has Mr. Jordan proven himself to be extremely litigious, but, in this instance, as previously discussed, his appeal is clearly frivolous, especially because he is essentially appealing the same discovery issue unsuccessfully appealed to this court or otherwise seeking access to discovery which was previously provided. Mr. Jordan is hereby advised that for any future appeals he brings on this matter or any other matter, he may be ordered to show cause why (1) his appeal should not be summarily dismissed without discussion and/or (2) sanctions should not be imposed.

Accordingly, the government's Motion to Dismiss Appeal is **GRANTED** and Mr. Jordan's appeal is **DISMISSED**. The government's request for sanctions is **DENIED**. Because Mr. Jordan has failed to present a non-frivolous argument on appeal, we **DENY** his Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees, which is a request for leave to proceed *in forma*

*pauperis*.  We also **DENY** Mr. Jordan's Motion to Supplement Authority filed in this matter.

        **Entered by the Court:**

        **WADE BRORBY**
        United States Circuit Judge